NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0377n.06

No. 25-5034

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 28, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| WILLIAM KLOPP, | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| KENTUCKY EDUCATION PROFESSIONAL | ) | DISTRICT OF KENTUCKY |
| STANDARDS BOARD, et al., | ) | |
|     Defendants-Appellees. | ) | OPINION |
| | ) | |

Before: BATCHELDER, CLAY, and BLOOMEKATZ, Circuit Judges.

**ALICE M. BATCHELDER**, **Circuit Judge**.   William Klopp, an elementary-school teacher, sued the Kentucky Education Professional Standards Board and its members, alleging that the Board's investigation into his alleged misconduct violated his constitutional rights.   But because Klopp's disciplinary matter was still working its way through the state's administrative process, the district court abstained from hearing Klopp's claims under *Younger v. Harris*, 401 U.S. 37 (1971).   We affirm.

William Klopp works as an elementary-school teacher at a local school district in Florence, Kentucky.   While teaching his class one day in 2022, Klopp noticed that one of his male students was attempting to sit on top of another student, and so he ordered that student to return to his own desk.   Then, shortly after that, the same male student started kicking another female student's seat, which eventually caused that girl to fall on the floor.   Seeing this, Klopp yelled at the male student, telling him that "boys do not hit or kick girls ever!"   Klopp then asked the male student to step into

the hallway, at which point the student "began to bolt towards the exit doors of the school." So, afraid that the student would run out of the school, Klopp "put his hand on the student's shoulder and redirected him into the classroom."

The school district reported these actions to the Kentucky Education Professional Standards Board, which has the authority to suspend and revoke teaching certificates. After receiving the complaint, the Board told Klopp that it had referred his case to its legal team for review and investigation. Then, once the legal team had finished reviewing the complaint against Klopp and determined that the allegations had been substantiated, the Board held a meeting in April 2023 and decided to proceed with seeking disciplinary action against Klopp. But before it turned to a formal disciplinary proceeding, the Board made Klopp a settlement offer under which Klopp would serve a 15-day suspension, attend educator-ethics training, and accept a 2-year probation.

Soon after Klopp received the settlement offer, he filed this suit, alleging that the Board's investigation violated his constitutional rights. But because Klopp's disciplinary matter was part of a "state-initiated civil enforcement proceeding[]," the district court abstained from hearing Klopp's claims under the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), which reflects "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances," *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). If a state proceeding is the type of proceeding to which *Younger* abstention applies, then federal courts should abstain from hearing a plaintiff's case if three things are true: (1) the state proceedings are pending; (2) the state proceedings implicate an important state interest; and (3) the state proceedings give the plaintiff an adequate opportunity to raise constitutional issues. *See Middlesex*, 457 U.S. at 432. On appeal, Klopp argues that the

district court should not have abstained under *Younger* here because, at least in his view, none of these three elements are true of his claims.

After carefully reviewing the record, the law, and the parties' briefs on appeal, we conclude that the district court correctly set out the law and the facts, and that it correctly applied the law to those facts. The issuance of a full written opinion by this Court would serve no useful purpose. For the reasons stated in the district court's opinion, we **AFFIRM**.